IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terreon T. Johnson, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 10498 |
| Bellwood School District 88, Rosemary Hendricks, Dr. Daisey Allen, Joseph Madrid, Janice Johnson-Starks, Jophelia Boston, Katie Ross, Dorothy Clark-Smith, Marilyn Thurman, | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terreon Johnson filed a *pro se* complaint against Bellwood School District 88, Rosemary Hendricks, Daisy Allen, Joseph Johnson-Starks, Katie Ross, Dorothy Clark-Smith, and Marilyn Thurman alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1918. Specifically, Johnson alleged that his employment was terminated based on his race or color, or in retaliation for his filing a discrimination charge with the Equal Employment Opportunity Commission. On January 19, 2016, this Court granted Johnson's motion to consolidate this action with a second case he had filed against mostly the same defendants and based on similar factual allegations. Johnson, represented by counsel, subsequently filed an Amended Complaint in the consolidated action against Bellwood School District 88, Rosemary Hendricks, Daisey Allen, Joseph Madrid, Janice Johnson-Starks, Jophelia Boston, Katie Ross, Dorothy Clark-Smith, and Marilyn Thurman again alleging that his employment was terminated based on race or color and in retaliation for filing a complaint with the EEOC, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et*

1

*seq.*; and 42 U.S.C. § 1983. Johnson also alleges that Defendants violated his Fifth Amendment right to due process[1] and right not to incriminate himself. Defendants move to dismiss Johnson's Amended Complaint for failing to exhaust his administrative remedies and, alternatively, state a claim upon which relief may be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendants' Motion to Dismiss is granted in part and denied in part. (Dkt. No. 30). Johnson's Title VII claims against the individually-named defendants in their individual capacities, his Fifth Amendment procedural due process and right to be free from self-incrimination claims, and his failure to rehire claim are dismissed with prejudice.

## Background[3]

Johnson began employment as a custodian for Bellwood School District 88 in 2008. (*See* Dkt. No. 29, ¶ 8). On September 11, 2015, Johnson was arrested and subsequently suspended

---

[1] In his Amended Complaint, Johnson cites to *Cleveland Bd. of Educ. v. Loudermill, et al.*, 470 U.S. 532 (1985) and its progeny as the basis for his due process claim—a case that, according to Johnson's allegations, "require due process before a public employee can be dismissed from their job. Generally, these rights require a public employer to offer to have a 'pre-termination' meeting with the affected employee…" (*See* Dkt. No. 29, ¶ 24). Johnson argues in his response to Defendants' Motion to Dismiss that his due process claim instead arises from a violation of his right to equal protection. (*See* Dkt. No. 34, 3-4). Johnson has conceded the procedural due process claim identified in his Amended Complaint and that claim is dismissed with prejudice. To the extent he has pled an equal protection claim, that claim has not been addressed by Defendants and need not be addressed by this Court at this stage. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) ("[P]laintiffs in federal courts are not required to plead legal theories"); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery.").

[2] The Court notes that Defendants improperly label their motion to dismiss for failure to exhaust administrative remedies as being brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction. A challenge to exhaustion is normally considered an affirmative defense and is evaluated under Rule 12(b)(6) to determine whether "the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." *See Mosley v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). A failure to exhaust administrative remedies does not necessarily divest the Court of jurisdiction over a claim. *See id.* at 532 (noting that the district court should not "have ascribed such fundamental importance to a failure to allege exhaustion" where it dismissed the claim on jurisdictional grounds instead of pursuant to Rule 12(b)(6)). There is no reason to treat failure to exhaust as anything other than an affirmative defense in this case and the Court will properly evaluate the motion under Rule 12(b)(6). *See id.* at 533; *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (stating that failure to exhaust administrative remedies is not a jurisdictional requirement, although it is a reason for dismissal).

[3] The Court takes the following facts from the complaint and treats them as true for purposes of this motion. *See Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). The Court also considers Johnson's EEOC and IDHR charges and right-to-sue letter attached to the complaint, along with additional facts and documents provided in Johnson's opposition to dismissal that are consistent with the pleadings. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

from his employment. (*Id*. at ¶ 13). He claims that similarly-situated white employees were not suspended and that he was suspended because he is black. (*Id*. at ¶ 15). Johnson filed a charge with the EEOC on October 16, 2012. (*Id*. at ¶ 16). In that charge, Johnson provided the following narrative:

> I was hired by Respondent on or about January 15, 2008. My position is Custodian. Respondent suspended me without pay pending discharge on November 14, 2012, without allowing me due process.
>
> I believe that I have been discriminated against because of my race, Black, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*See* Dkt. No. 29, Ex. 1 at 1). Johnson claims that, in retaliation for that filing, he was suspended without pay as of October 10, 2012. (*See* Dkt. No. 29, ¶ 17).

Johnson was eventually discharged from his employment with Bellwood on February 11, 2013. (*Id*. at ¶ 18). On May 1, 2013, Johnson filed a claim with IDHR and, on June 3, 2013, he filed an "Amended Charge of Discrimination" with IDHR and EEOC. (*Id*. at ¶ 25). In his amended charge, Johnson claimed that his discharge was based on race, an arrest record, or in retaliation for filing a discrimination charge with the EEOC. (*See* Dkt. No 29, Ex. 1 at 5-6). On August 11, 2013, Johnson's IDHR complaint was dismissed. (*See* Dkt. No. 12, Ex. A). About two months later, on October 2, 2014, the EEOC issued Johnson a right-to-sue letter on his first EEOC charge. (*Id*. at ¶ 26). On May 11, 2015, the EEOC issued a right-to-sue letter on his second charge. (*Id*. at ¶ 27). This suit followed.

**Discussion**

In evaluating a Rule 12(b)(6) motion to dismiss, the Court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor. *See Vinrich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief

that is plausible on its face and raise a right to relief above the speculative level." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (citations and internal quotation marks omitted).

### I. Discriminatory Discharge and Retaliation Claims

Defendants argue that "[o]n all but his suspension claim, Johnson's exhibits and omissions demonstrate he cannot satisfy" that he timely exhausted his administrative remedies. (*See* Dkt. No. 30, 3). Defendants maintain that Johnson's discriminatory discharge and retaliation claims were not exhausted by his second filing with the EEOC and were not part of his initial EEOC charge, which was filed before Johnson's termination. In general, a plaintiff must present any claim he seeks to pursue in federal court in his EEOC charge. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the ... ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"); *see also Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims ... that were not originally brought among the charges to the EEOC"). This requirement gives the employer notice of the charged conduct and presents a meaningful opportunity for the EEOC and the employer to settle the dispute. *See id*. at 550.

Nevertheless, a plaintiff may proceed on claims not explicitly set out in a charge if those claims are "like or reasonably related" to the claims in his charge and could "be expected to grow out of an EEOC investigation of the charge." *Id*.; *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals"). When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a

4

subsequent complaint are only related if the new allegations can reasonably be inferred from the facts alleged in the charge. *See Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995). When faced with an exhaustion issue, the Court is not necessarily confined to considering only the body of the charge. Additional documents "may be considered when it is clear that the charging party intended the agency to investigate the allegations." *See Cheek*, 31 F.3d at 502.

The Court begins by examining Johnson's first EEOC charge, which was filed on October 16, 2012. In it, he checked the "race" and "retaliation" boxes and provided the following narrative:

> I was hired by Respondent on or about January 15, 2008. My position is Custodian. Respondent suspended me without pay pending discharge on November 14, 2012, without allowing me due process.
>
> I believe that I have been discriminated against because of my race, Black, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*See* Dkt. No. 29, Ex. 1 at 1). At the time he filed this charge, Johnson had only been suspended. He was not fired until about four months later, on February 11, 2013. Defendants insist that Johnson's retaliatory and discriminatory discharge claims are not substantially related to this EEOC charge. This argument, however, is belied by the facts and circumstances alleged in the Amended Complaint.

First, there is no exhaustion problem with Johnson's retaliatory discharge claim. Johnson alleges that he "filed an EEOC charge and Defendants then retaliated and suspended him without pay and fired him without due process." This Circuit has consistently held that a plaintiff who alleges retaliation for having filed a charge with the EEOC does not need to file a second EEOC charge to sue for that retaliation. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482–83 (7th Cir. 1996) (collecting cases); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989), superseded by statute on other grounds. This rule is in place to prevent useless procedural

technicalities from launching litigants into a futile cycle of charge-complaint-charge-complaint. *See id.*

For this same reason, the Court finds Johnson's discriminatory discharge claim adequately exhausted. Though this claim may technically be different from his retaliatory discharge claim and underlying EEOC claim of discrimination, it arises from the exact same conduct and likely most (if not all) of the same individuals as the underlying EEOC charge. The Court has reviewed Johnson's Complaint, Amended Complaint, EEOC filings, and IDHR filings. His version of the events is consistent and straightforward in all of his filings: he was suspended following his arrest because of his race and color; he filed a claim with the EEOC; and he was discharged. Johnson's complaint in this case very simply alleges that his discharge was in retaliation for filing an EEOC charge and/or because of his race or color. These allegations are substantially related to the charges Johnson filed in his EEOC complaint and would likely have grown out of that EEOC investigation. This is especially true since Johnson was discharged only four months after he filed his first EEOC charge for discrimination and more than a year before the EEOC issued a right-to-sue letter on that first charge. Based on Johnson's theory of events, his termination was the mere culmination of allegedly ongoing discrimination. Moreover, because race or color was a factor in the underlying EEOC charge, the EEOC would reasonably have investigated whether it was a factor in Johnson's termination. *See, e.g., Ento v. Chicago Transit Auth. and Amalgamated Transit Union, Local 241*, No. 13 CV 1608, 2014 WL 883503, *3 (N.D. Ill. March 6, 2014); *Rimpson v. Bliss & Laughlin Steel*, 996 F. Supp. 797, 801 (N.D. Ill. 1998); *Freeman v. Chicago Park Dist.*, No. 94 C 5694, 1997 WL 371098, *5 (N.D. Ill. June 27, 1997). Johnson's retaliatory and discriminatory discharge claims in this case are sufficiently

related to those set forth in his EEOC charge. Defendants' motion to dismiss on exhaustion grounds is denied.

Defendants' alternative argument to dismiss Johnson's race discrimination and retaliation claims for failure to state a claim on which relief may be granted is also denied. In discrimination claims brought under Title VII, Section 1983, and Section 1981, a plaintiff may ultimately meet his burden of proof under either a direct or indirect method of proof. *See Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, n.1 (7th Cir. 2012); *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011). Under the indirect method, a plaintiff may establish a prima facie case of discrimination with evidence that: (1) he was a member of a protected class; (2) he was meeting Defendants' legitimate performance expectations; (3) he suffered an adverse employment action; and (4) Defendants treated similarly-situated employees outside of the protected class more favorably than they treated him. *See Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 202 (7th Cir. 2013). Defendants argue that Johnson's discrimination claim must be dismissed because he has failed to identify any "similarly-situated" comparators in his Amended Complaint. (*See* Dkt. No. 30, 9).

Establishing a prima facie case under *McDonnell-Douglas* is an evidentiary standard, however, not a pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Johnson is not required to satisfy such standard to survive a motion to dismiss. "A complaint alleging race discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of his race." *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (internal quotation marks and citation omitted). Johnson's race discrimination claims plausibly allege that he was suspended and discharged based on his race; Defendants' motion to dismiss Johnson's discrimination claims for failing to

7

state a claim on which relief may be granted is denied. *See, e.g., Vega v. Chicago Park District*, 958 F. Supp. 2d 943, 953 (N.D. Ill. 2013) (denying motion to dismiss where allegations created "at least a plausible claim that similarly situated supervisors were not disciplined similarly").

With respect to his retaliation claim, Defendants argue that Johnson failed to plead facts sufficient to demonstrate an adverse employment action because he has alleged only that "the cause stated for District action was possession of a handgun on school property, not the filing of an EEOC charge." (*See* Dkt. No. 30, 9). This argument, however, ignores the heart of Johnson's allegations. Johnson alleges that he suffered discrimination and retaliation at the hands of Defendants "because of his race/color and for filing a complaint with the EEOC." (*See* Dkt. No. 29, ¶ 3). He goes on to assert,

> 16. On October 16, 2012, Plaintiff filed a claim with the EEOC against Defendant Bellwood.
>
> 17. In retaliation to that filing, Defendant Bellwood, in a letter dated October 18, 2012, advised Plaintiff that he had been suspended without pay as of October 10, 2012 due to his "alleged possession of a firearm on School District property."

Johnson may have alleged that the School District said they suspended Johnson for allegedly possessing a firearm on School District property, but he clarifies immediately thereafter that the "Defendants' announced reason for Plaintiff's suspension and termination constituted a pretext for unlawful race discrimination and were also against public policy." (*See* Dkt. No. 29, ¶ 23). Johnson has plausibly alleged that he was retaliated against based on his protected activity of filing an EEOC charge.

Lastly, Defendants' motion to dismiss Johnson's discharge claims for untimeliness is also denied. Defendants argue that Johnson failed to timely act in response to the IDHR's Dismissal of his IDHR Charge and he has failed to preserve his right to pursue the claims asserted in his IDHR Charge. However, whether Johnson "preserved his right to pursue the claims asserted in

his IDHR Charge" is irrelevant because, as already discussed, the discriminatory discharge claim is sufficiently related to the claims brought by Johnson in his original EEOC charge. Defendants' timeliness argument is based on the premise that Johnson's claims are not sufficiently related to his EEOC charge and must therefore stem from his IDHR charge. Because the Court has come to the opposite conclusion, this argument is unpersuasive. Johnson's EEOC charge was filed on October 16, 2012; he was issued a right-to-sue letter on October 2, 2014; and he filed this action on December 31, 2014, within the 90-day period allowed for filing. *See, e.g., Bibbs v. Sheriff of Cook County*, 618 F. App'x 847, 848 n.1 (7th Cir. 2015) (citing 42 U.S.C. § 2000e-5(f)(1)) ("Title VII imposes a further requirement that a claimant must file suit within 90 days of receiving notice of the "right-to-sue" or the suit is untimely). Viewing the facts in the light most favorable to Johnson, the Court finds that his discriminatory discharge claim was timely brought before this Court. Defendants' motion to dismiss on grounds of untimeliness is denied.

**II. Failure to Rehire Claim**

Johnson's "refusal to rehire" claim, on the other hand, is dismissed because it has not been properly exhausted by Johnson's EEOC charges. "[A] failure to rehire claim is not reasonably related to a previously filed EEOC charge alleging a discriminatory termination," *see Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000), let alone a previously filed charge alleging discriminatory suspension. Johnson has failed to provide any information about when he sought rehiring; from whom he sought rehire; and the grounds for that refusal. An employer's decision to terminate a worker is "wholly independent" from a subsequent decision not to rehire that worker. *See id*. As such, "[a]n EEOC charge alleging [race] discrimination in a termination alerts neither the EEOC nor the employer had charge of discriminatory failure to rehire maybe firth coming." *See id*; *see also, e.g., Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d

9

1039, 1045 (7th Cir. 2000) (internal citation omitted) ("Although this court reads charges of discrimination liberally in order to allow a plaintiff to bring any claim of discrimination that is reasonably related to the allegations of the charge, the court has also required that charges filed with the EEOC include both discriminatory termination and failure-to-rehire claims."); *compare with Carey v. Milwaukee Bd. of Sch. Dir.*, 80 F. App'x 493, 494 (7th Cir. 2003) (letter accepting resignation merely reiterated employer's position that it had accepted resignation; did not constitute a new act of discrimination); *Sharp v. United Airlines*, 236 F.3d 368, 373 (7th Cir. 2001) (internal quotation omitted) ("an employer's refusal to undo a discriminatory decision is not a fresh act of discrimination"). Johnson has provided no factual allegations supporting his allegation that Defendant Bellwood "refused to rehire Plaintiff." There are insufficient facts from which to infer that such refusal is reasonably related to his underlying discriminatory suspension charge with the EEOC and the Court dismisses his "refusal to rehire" claim with prejudice.

### III. Equal Protection Claim under Section 1983

Johnson claims in his response brief that he is also proceeding under Section 1983 for Defendants' alleged violation of his right to Equal Protection because he was disciplined more severely "because of his race." (*See* Dkt. No. 34, 4). Defendants do not address this claim in either their Motion to Dismiss or Reply brief and the Court will therefore not address the viability of this claim.

### IV. Fifth Amendment Claim

In his response brief, Johnson maintains that his Fifth Amendment claim is twofold:

> First, Plaintiff alleges that Defendants directly violated his Fifth Amendment rights by firing him after he asserted his right not to incriminate himself when questioned about alleged criminal activity under threat of discharge. Next, Plaintiff alleges that the discriminatory treatment he received in his employment violated his right to equal protection.

(*See* Dkt. No. 34, 3). As already discussed, Johnson's alleged Fifth Amendment Equal Protection claim has not been addressed by Defendants and need not be addressed by the Court at this stage. The Court, therefore, turns to his claim that his Fifth Amendment rights were violated when he was fired after allegedly asserting his right not to incriminate himself.

The Fifth Amendment' privilege against self-incrimination may be asserted in noncriminal cases. *See Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (citing *Kastigar v. United States*, 406 U.S. 441, 444–445 (recognizing that the "Fifth Amendment privilege against compulsory self-incrimination ... can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory ..."); *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (stating that the Fifth Amendment privilege allows one "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings"). However, "a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *See Chavez*, 538 U.S. at 769. Here, Johnson does not allege that he was forced to bear witness against himself in a criminal proceeding. He does not allege any facts regarding what he was asked to say, when he was asked to say it, to whom he was asked to say it, and under what circumstances. "A complaint must allege some specific facts to support the legal claims asserted." *See Lavalais*, 734 F.3d at 633 (internal quotation marks and citation omitted). "The degree of specificity required rises with the complexity of the claim." *See id*. Here, Johnson has failed to plausibly allege a Fifth Amendment claim. His absence of a "criminal case" in which Johnson was compelled to be a "witness" against himself defeats his core Fifth Amendment claim, *see Chavez*, 538 U.S. at 772-73, and Johnson has failed to allege

facts sufficient to state any claim under the Fifth Amendment. Johnson's Fifth Amendment claims are dismissed with prejudice.

**V. Claims Against the Individual Defendants**

Lastly, Defendants move to dismiss all claims against the individually-named defendants. Johnson properly concedes that his Title VII claims against these defendants should be dismissed to the extent they are named in their individual capacities. *See* Dkt. No. 34, 3; *see also Silk v. City of Chicago*, 194 F.3d 788, 789 n. 5 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."). The Court therefore grants the dismissal of Johnson's Title VII claims against the individual defendants in their individual capacities with prejudice and without objection by Johnson.

Johnson fails to address the remaining claims against the individual defendants, but Defendants have similarly failed to develop their argument in support of dismissing these Defendants. In support of their argument to dismiss the Title VII claims against the individual defendants in their official capacities, as well as the remaining claims against the individual defendants in their individual and official capacities under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, Defendant cites generally to just two cases: one of which stands for the proposition that "under *Bivens*, the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights," *see Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997); and the second of which holds that whether the county is liable along with the sheriff for firing plaintiff from her job in the sheriff's office was for the jury, *see Soderbeck v. Burnett County, Wis.*, 752 F.2d 285, 293 (7th Cir. 1985). Neither case obviously compels the dismissal of the individual defendants in this case and the Defendants have failed to develop any argument in favor of dismissal. The plaintiff need not

respond to a motion to dismiss and may instead "simply rest on the assumed truthfulness and liberal construction afforded his complaint." *See Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995). At the same time, arguments that are "underdeveloped, conclusory, or unsupported by law" are deemed waived. *See C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014) (internal quotation marks and citation omitted). The Court will not speculate as to the details of Defendants' unexplained argument. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir. 2005) (internal quotation marks and citation omitted) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived ...."). Defendants' motion to dismiss the individual defendants is denied except with respect to the Title VII claims brought against Defendants in their individual capacities.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [11] is granted in part and denied in part. Johnson's Title VII claims against the individually-named defendants in their individual capacities; his Fifth Amendment procedural due process and right to be free from self-incrimination claims; and his failure to rehire claim are dismissed with prejudice.

Date: 6/27/2016

Virginia M. Kendall
U.S. District Court Judge